UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL LOPEZ,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>SCOTT KERNAN, SECRETARY, CDCR, ET AL.,<br><br>　　　　　Respondents. | CASE NO. CV 19-7558-SVW (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

　　On August 30, 2019, Petitioner filed a Petition for Writ of Habeas Corpus, in which he challenges the sentence of 17 years to life that was imposed in 1991 in the Los Angeles County Superior Court after he was convicted on two counts of attempted first degree murder. (Petition at 1.) He appears to contend that under a change of law in California he is now considered a "youthful offender" who is entitled to have his sentence reconsidered by the trial court.[1]

---

[1] Petitioner's additional argument regarding his claim, which he states is continued in section "6.b." (Petition at 3), is unfortunately missing from the Court's copy of the Petition.

From the face of the Petition, it appears that his claim is unexhausted. As such, absent further explanation from Petitioner, the Petition will be dismissed.

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

Although Petitioner alleges that he presented his claims of trial error to the California Court of Appeal and California Supreme Court on direct appeal (Petition at 5), it does not appear that he has raised his sentencing claim in the state supreme court. As such, the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

IT IS THEREFORE ORDERED that, no later than **October 7, 2019**, Petitioner shall inform the Court in writing why this case should not

be dismissed for the reasons set forth above.  Failure to timely file a response will result in dismissal.

DATED: September 6, 2019

_Patrick J. Walsh_
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\LOPEZ, J 7558\OSC dismiss pet.wpd

3